

FILED
HARRISBURG, PA
DEC 05 2025
PER _____
DEPUTY CLERK

# DOCUMENT 1 — PETITION FOR WRIT OF HABEAS CORPUS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Fouad Saeed Abdulkadir,
A-Number: A-205-564-652,
Petitioner,

v.

Warden, Moshannon Valley Processing Center;
Field Office Director, Field Office Director, ICE Enforcement and Removal Operations, Philadelphia Field Office;
U.S. Immigration and Customs Enforcement;
Alejandro N. Mayorkas, Secretary, U.S. Department of Homeland Security; and
Merrick B. Garland, Attorney General of the United States,
Respondents.

Civil Action No. _____

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(Emergency Application for Immediate Release or, in the Alternative, for a Prompt Bond Hearing with Constitutionally Adequate Procedures)

Table of Contents

- Introduction ................................................. (1–6)
- Jurisdiction and Venue ...................................... (7–9)
- Parties ............................................................ (10–13)
- Custody Status, Exhaustion, and Urgency ............. (14–18)
- Statement of Facts ........................................... (19–27)
- Legal Background ........................................... (28–33)
- Humanitarian Supreme Court Principles .............. (34–41)

- Claims for Relief (Civil Rights and Constitutional) ... (42–62)
- Irreparable Harm and Equities ............................ (63–66)
- Release Plan and ATD ........................................ (67–68)
- Prayer for Relief ................................................ (A–F)
- Verification ....................................................... (V-1)
- Exhibit Index and Production Statement ............... (E-1–E-2)

## Table of Authorities

### Cases

- Bell v. Wolfish, 441 U.S. 520 (1979)
- Boumediene v. Bush, 553 U.S. 723 (2008)
- Brown v. Plata, 563 U.S. 493 (2011)
- Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469 (3d Cir. 2015), abrogated in part by Jennings v. Rodriguez, 583 U.S. 281 (2018)
- Clark v. Martinez, 543 U.S. 371 (2005)
- Demore v. Kim, 538 U.S. 510 (2003)
- Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011)
- E.D. v. Sharkey, 928 F.3d 299 (3d Cir. 2019)
- Estelle v. Gamble, 429 U.S. 97 (1976)
- Farmer v. Brennan, 511 U.S. 825 (1994)
- Helling v. McKinney, 509 U.S. 25 (1993)
- Hope v. Warden York Cnty. Prison, 972 F.3d 310 (3d Cir. 2020)
- Jennings v. Rodriguez, 583 U.S. 281 (2018)
- Kingsley v. Hendrickson, 576 U.S. 389 (2015)
- Landon v. Plasencia, 459 U.S. 21 (1982)
- Matter of Cruz-Valdez, 28 I&N Dec. 326 (A.G. 2021)
- Matter of Joseph, 22 I&N Dec. 799 (BIA 1999)
- Nken v. Holder, 556 U.S. 418 (2009)
- Orabi v. Att'y Gen., 738 F.3d 535 (3d Cir. 2014)
- Pino v. Landon, 349 U.S. 901 (1955) (per curiam)
- Rumsfeld v. Padilla, 542 U.S. 426 (2004)
- United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954)
- United States v. Texas, 599 U.S. 670 (2023)
- Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008)
- Youngberg v. Romeo, 457 U.S. 307 (1982)
- Zadvydas v. Davis, 533 U.S. 678 (2001)

### Statutes

- 5 U.S.C. §§ 555(e), 706(2)
- 8 U.S.C. §§ 1226(a), 1231
- 28 U.S.C. §§ 1331, 1651, 2201–2202, 2241
- 29 U.S.C. § 794 (Rehabilitation Act)

Regulations

- 8 C.F.R. §§ 236.1(c)(8), 241.4

Other Authorities

- Fed. R. Civ. P. 5.2

Introduction

(1) Petitioner Fouad Saeed Abdulkadir is a lawful permanent resident (LPR) (green card valid through 2028) detained by ICE at Moshannon Valley Processing Center since May 13, 2025.

(2) Petitioner uses a wheelchair and suffers serious disabilities and illnesses, including chronic orthopedic injuries (knees, shoulders, ankles, back) with severe pain, PTSD, severe depression, anxiety, flashbacks, and insomnia. Detention exacerbates these conditions.

(3) An Immigration Judge administratively closed Petitioner's immigration case pending resolution of his direct criminal appeal. In the Third Circuit, a conviction on direct appeal is not "final" for immigration purposes. Orabi v. Att'y Gen., 738 F.3d 535, 543–44 (3d Cir. 2014); Pino v. Landon, 349 U.S. 901 (1955) (per curiam).

(4) Despite Petitioner's humanitarian vulnerabilities, strong community ties (including two U.S. citizen children, ages 10 and 9), and the IJ's administrative closure, ICE has refused to release him or provide a reasoned decision. ICE responded only: "Our lawyers inform us that you shall remain detained," without identifying statutory authority, criteria, or evidence.

(5) Petitioner's detention is unreasonably prolonged and punitive in effect, violating the Fifth Amendment's Due Process Clause, exceeding the limits of 8 U.S.C. §§ 1226/1231 as construed by Zadvydas and controlling Third Circuit precedent, and constituting arbitrary and capricious agency action under the APA.

(6) Petitioner seeks immediate release under reasonable conditions or, at minimum, a prompt bond hearing before a neutral decisionmaker at which the government bears the clear-and-convincing burden and less-restrictive alternatives are considered with a contemporaneous, reasoned decision.

Jurisdiction and Venue

(7) This Court has jurisdiction under 28 U.S.C. § 2241 to review the legality of civil immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Boumediene v. Bush, 553 U.S. 723, 739–42 (2008); Dep't of Homeland Sec. v. Thuraissigiam, 140 S. Ct. 1959, 1969 (2020).

(8) The Court also has jurisdiction under 28 U.S.C. § 1331 and authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and the All Writs Act, 28 U.S.C. § 1651.

(9) Venue is proper in the Middle District of Pennsylvania because Petitioner is detained in Philipsburg (Centre County) within this District and his immediate custodian is located here. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

Parties

(10) Petitioner: Fouad Saeed Abdulkadir (DOB 03/15/1979), an LPR father of four, including two U.S. citizen minor children (ages 10 and 9). He is divorced, with deep community ties and a robust support network.

(11) Respondent Warden of Moshannon Valley Processing Center, Petitioner's immediate custodian.

(12) Respondent: Field Office Director, ICE ERO Philadelphia, responsible for detention and release decisions affecting Petitioner.

(13) Respondents ICE, DHS Secretary Alejandro N. Mayorkas, and Attorney General Merrick B. Garland are named in their official capacities.

Custody Status, Exhaustion, and Urgency

(14) Petitioner has been detained since May 13, 2025, at Moshannon Valley Processing Center, 555 GEO Drive, Philipsburg, PA 16866.

(15) Petitioner's proceedings are administratively closed pending direct criminal appeal; detention is governed by 8 U.S.C. § 1226(a) (pre-final order), authorizing release on recognizance, bond, or conditional parole. 8 C.F.R. § 236.1(c)(8).

(16) Alternatively, if DHS asserts 8 U.S.C. § 1231 applies, Petitioner invokes the post-order custody review (POCR) process and requirement for reasoned decisions under 8 C.F.R. § 241.4, along with the reasonableness limits of Zadvydas, 533 U.S. at 699–701.

(17) Petitioner submitted a custody review request (Sept. 29, 2025) and an escalation when no decision issued. ICE replied only that "lawyers" advised detention, without statutory basis, factors, or findings. Further administrative remedy is futile.

(18) Petitioner's disabilities and deteriorating mental health create urgency and risk of irreparable harm absent prompt judicial intervention.

Statement of Facts

(19) Petitioner is an LPR with a valid green card through 2028, long residence in the U.S., and extensive family/community ties, including two U.S. citizen children (ages 10 and 9).

(20) Petitioner's criminal conviction is on direct appeal. In the Third Circuit, a conviction on direct appeal is not final for immigration purposes. Orabi, 738 F.3d at 543–44; Pino, 349 U.S. 901.

(21) Consistent with Orabi, the IJ administratively closed Petitioner's immigration proceedings pending appeal. See Matter of Cruz-Valdez, 28 I&N Dec. 326 (A.G. 2021) (restoring administrative closure where appropriate).

(22) Petitioner uses a wheelchair and suffers chronic injuries (knees, shoulders, ankles, back) and severe pain, along with PTSD, severe depression, anxiety, flashbacks, and insomnia. Detention exacerbates these conditions.

(23) ICE holds Petitioner's expired passport (expired Dec. 2000). He has no other travel documents and cannot obtain new ones due to protection-related circumstances.

(24) Petitioner is not a danger or flight risk; he has multiple verified sponsors, housing, and transportation, and he agrees to ATD/GPS, check-ins, curfew, and surrender of any travel documents.

(25) Petitioner has engaged in sustained positive programming while detained, earning ten certificates in communication, technology, business, and language between July and October 2025, demonstrating rehabilitation, employability, and compliance.

(26) On Sept. 29, 2025, Petitioner submitted a custody review request. After no action, he escalated. ICE's sole response—"Our lawyers inform us that you shall remain detained"—provided no reasons, evidence, or legal authority.

(27) Prolonged detention in these circumstances does not advance removal and imposes severe, unnecessary hardship and risk of medical and psychological deterioration.

Legal Background

(28) Pre-final order detention: 8 U.S.C. § 1226(a) authorizes release on bond or conditional parole and requires individualized assessment of family and community ties, appearance history, danger, and supervision options. 8 C.F.R. § 236.1(c)(8).

(29) Post-order detention: 8 U.S.C. § 1231 is limited to the period reasonably necessary to effect removal and requires periodic custody reviews. Zadvydas v. Davis, 533 U.S. 678, 699–701 (2001); Clark v. Martinez, 543 U.S. 371, 386–87 (2005); 8 C.F.R. § 241.4.

(30) Prolonged detention due process: Civil detention must be nonpunitive and reasonably related to ensuring appearance and public safety. Demore v. Kim, 538 U.S. 510, 531 (2003) (Kennedy, J., concurring). Prolonged detention raises serious constitutional concerns. Jennings v. Rodriguez, 583 U.S. 281, 298–305 (2018). The Third Circuit requires that, once detention becomes prolonged, the government must justify continued detention by clear and convincing evidence and consider less-restrictive alternatives. German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 210–13 (3d Cir. 2020); Diop v. ICE, 656 F.3d 221, 233–35 (3d Cir. 2011); Chavez-Alvarez v. Warden, 783 F.3d 469, 475–79 (3d Cir. 2015).

(31) Finality and administrative closure: A conviction on direct appeal is not final for immigration purposes in the Third Circuit. Orabi, 738 F.3d at 543–44; Pino, 349 U.S. 901. The IJ's administrative closure aligns with Orabi and undermines categorical detention rationales. See Matter of Cruz-Valdez, 28 I&N Dec. 326.

(32) Agencies must follow their own regulations and provide reasoned decisions. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954); 5 U.S.C. §§ 555(e), 706(2).

(33) As a federal agency receiving federal funds, ICE must provide reasonable accommodations and avoid disability discrimination. Rehabilitation Act § 504, 29 U.S.C. § 794; see E.D. v. Sharkey, 928 F.3d 299, 306–08 (3d Cir. 2019).

Humanitarian Supreme Court Principles and Case Law

(34) Civil detainees may not be punished; restrictions must be reasonably related to legitimate governmental objectives and not excessive in relation to those purposes. Bell v. Wolfish, 441 U.S. 520, 535–40 (1979).

(35) Individuals in civil custody possess substantive due process rights to reasonably safe conditions and freedom from undue restraint, with the government obligated to exercise professional judgment and provide minimally adequate care. Youngberg v. Romeo, 457 U.S. 307, 315–25 (1982).

(36) The Constitution protects against exposure to conditions posing an unreasonable risk of serious damage to health, including future harm. Helling v. McKinney, 509 U.S. 25, 33–35 (1993). Government officials may not be deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103–06 (1976); Farmer v. Brennan, 511 U.S. 825, 832–47 (1994).

(37) Systemic deficiencies in medical and mental health care can produce unconstitutional conditions warranting broad equitable relief. Brown v. Plata, 563 U.S. 493, 510–46 (2011).

(38) The Supreme Court underscores that civil detainees are protected by an objective reasonableness standard requiring careful scrutiny of justifications for restraints. Kingsley v. Hendrickson, 576 U.S. 389, 396–402 (2015).

(39) Disability integration principles reinforce community-based placement when consistent with safety and treatment needs. Olmstead v. L.C., 527 U.S. 581, 597–607 (1999). These principles inform federal obligations under Section 504 of the Rehabilitation Act.

(40) Habeas corpus is a core safeguard against unlawful executive detention. Boumediene v. Bush, 553 U.S. 723, 739–42 (2008).

(41) Deportation/detention cases limit civil confinement: detention cannot be indefinite or unreasonable. Zadvydas, 533 U.S. at 690–701; Clark, 543 U.S. at 386–87. Jennings preserves these constitutional concerns. Jennings, 583 U.S. at 298–305.

Claims for Relief (Civil Rights and Constitutional)

Count I — Substantive Due Process (Fifth Amendment): Punitive and Excessive Civil Detention

(42) Petitioner incorporates paragraphs 1–41.

(43) Petitioner's ongoing detention, despite IJ administrative closure, non-final conviction status, serious disabilities, and strong ties, is excessive relative to its purposes and thus punitive, violating substantive due process. Bell v. Wolfish, 441 U.S. at 535–40.

(44) Continued confinement fails the professional-judgment standard applicable to civil confinement because less-restrictive alternatives (OR/bond/ATD with medical care access) are available and adequate. Youngberg v. Romeo, 457 U.S. at 321–23.

Count II — Procedural Due Process (Fifth Amendment): Prolonged Detention Without Adequate Procedures

(45) Petitioner incorporates paragraphs 1–44.

(46) Respondents failed to provide a prompt, meaningful, individualized custody determination with the government bearing a clear-and-convincing burden, consideration of less-restrictive alternatives, and a reasoned written decision. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976); German Santos, 965 F.3d at 210–13; Diop, 656 F.3d at 233–35.

(47) ICE's refusal to articulate statutory authority, criteria, or evidence for continued detention violates procedural due process and basic administrative norms. See 5 U.S.C. § 555(e).

Count III — Statutory (8 U.S.C. §§ 1226/1231) as Interpreted by Zadvydas/Jennings

(48) Petitioner incorporates paragraphs 1–47.

(49) Under § 1226(a), DHS must consider individualized factors and may release on bond or conditions; Respondents failed to provide reasoned consideration consistent with 8 C.F.R. § 236.1(c)(8).

(50) If § 1231 applies, detention is lawful only for the period reasonably necessary to effect removal; prolonged detention absent a significant likelihood of removal in the reasonably foreseeable future is unlawful. Zadvydas, 533 U.S. at 699–701; Clark, 543 U.S. at 386–87.

Count IV — Administrative Procedure Act (5 U.S.C. § 706(2)): Arbitrary and Capricious Agency Action

(51) Petitioner incorporates paragraphs 1–50.

(52) Respondents' refusal to provide a reasoned custody decision, to follow 8 C.F.R. §§ 236.1(c)(8)/241.4, and to consider less-restrictive alternatives in light of IJ administrative closure, disabilities, and strong ties is arbitrary, capricious, an abuse of discretion, and contrary

to law. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954); 5 U.S.C. §§ 555(e), 706(2).

Count V — Rehabilitation Act § 504 (29 U.S.C. § 794): Failure to Provide Reasonable Accommodations; Disability Discrimination

(53) Petitioner incorporates paragraphs 1–52.

(54) ICE is obligated to provide reasonable accommodations and avoid disability discrimination. Continuing detention that exacerbates Petitioner's serious disabilities, without considering release as a reasonable accommodation where less-restrictive alternatives exist, violates Section 504. See E.D. v. Sharkey, 928 F.3d at 306–08; informed by Olmstead, 527 U.S. at 597–607.

Count VI — Conditions/Punitive Detention (Fifth Amendment Due Process)

(55) Petitioner incorporates paragraphs 1–54.

(56) Petitioner's confinement, given the exacerbation of his serious medical and mental health needs and the availability of community-based care, violates the constitutional requirement to avoid unreasonable health risks and deliberate indifference to serious medical needs. Helling v. McKinney, 509 U.S. at 33–35; Estelle v. Gamble, 429 U.S. at 103–06; Farmer v. Brennan, 511 U.S. at 832–47; Hope v. Warden York, 972 F.3d at 324–28 (recognizing habeas as vehicle to remedy unconstitutional detention during public health emergency).

(57) The objective reasonableness standard for civil detainees underscores the need to use less-restrictive alternatives where feasible. Kingsley v. Hendrickson, 576 U.S. at 396–402.

Additional Constitutional Protection for LPRs

(58) As a returning resident alien with substantial connections to the United States, Petitioner is entitled to due process protections in exclusion/removal contexts. Landon v. Plasencia, 459 U.S. 21, 32–36 (1982).

(59) The IJ's administrative closure and Orabi's finality rule collectively undermine any assertion that categorical detention is necessary; prolonged detention without robust procedures violates these due process rights.

Government Discretion and Alternatives

(60) DHS has broad discretion to prioritize humane, individualized enforcement decisions, including use of ATD and supervised release. United States v. Texas, 599 U.S. 670, 675–78 (2023).

(61) Less-restrictive alternatives adequately serve the government's interests while avoiding unconstitutional and discriminatory effects on a person with serious disabilities.

(62) Petitioner respectfully requests relief as set forth below.

Irreparable Harm and Equities

(63) Continued detention causes irreparable harm: worsening pain, mobility decline, and severe psychological distress not compensable by money damages.

(64) Supreme Court precedent recognizes constitutional injury from exposure to conditions posing unreasonable risks to health and from untreated serious medical needs. Helling, 509 U.S. at 33–35; Estelle, 429 U.S. at 103–06; Brown v. Plata, 563 U.S. at 510–46.

(65) Government interests (appearance and public safety) are fully addressable through supervised release conditions (OR/bond/ATD), which Petitioner accepts.

(66) The public interest favors compliance with constitutional guarantees, statutes, and disability rights.

Release Plan and Alternatives to Detention

(67) Proposed residences/sponsors (ERO may select the most feasible):

- Omar Adnan (Friend), 9815 Boundary Ln, Parma, OH 44130; 216-704-1596; omar.adnan312@gmail.com.
- Ed Naseer (Friend), 3375 W 127th St, Cleveland, OH 44102; 216-403-3309; aednaser@yahoo.com.
- Sayf Bryant (Friend), 6014 Belvidere Ave, Cleveland, OH 44103; 216-773-4909; sayfbryant@yahoo.com.
- Anis Bryant (Friend), 8204 Simon Ave, Cleveland, OH 44103; 216-313-1336; anisb23@outlook.com.

(68) Petitioner will comply with any conditions, including ATD/GPS, in-person/telephonic reporting, home visits, curfew, and surrender of travel documents. Sponsors will provide transportation to ICE, immigration court, and medical/mental health providers.

Prayer for Relief

Petitioner respectfully requests that the Court:

A. Issue a writ of habeas corpus ordering immediate release under reasonable conditions (recognizance, reasonable bond, or ATD);

B. Alternatively, order an individualized bond hearing before a neutral decisionmaker within seven (7) days, with the government's clear-and-convincing burden, consideration of less-restrictive alternatives, and a contemporaneous written decision;

C. Enjoin Respondents from transferring Petitioner outside this District during this action without prior Court approval;

D. Order production of Petitioner's custody file, Risk Classification Assessment, any POCR records, medical/mental health records, and all written decisions/guidance relied upon for continued detention;

E. Declare that Petitioner's continued detention violates the Fifth Amendment (substantive and procedural due process), is arbitrary/capricious under the APA, and violates the Rehabilitation

RIGHT ACT § 504; impose constitutional conditions with humanitarian standards.

F. Grant any further relief the Court deems just and proper.

Verification

(V-1) I, Fouad Saeed Abdulkadir, declare under penalty of perjury that the facts stated above are true and correct to the best of my knowledge and belief.

Date: 12/01/2025
Location: Moshannon Valley Processing Center, 555 GEO Drive, Philipsburg, PA 16866

Signature: *Fouad Saeed Abdulkadir*
Fouad Saeed Abdulkadir, Petitioner Pro Se

Exhibit Index and Production Statement

(E-1) All exhibits are preserved and will be presented upon request. Sensitive medical/mental-health records can be submitted under seal consistent with Fed. R. Civ. P. 5.2 and local rules.

(E-2) Anticipated exhibits:

- Exhibit A: Petitioner's Declaration (detention history; disabilities; mental health; family ties; release plan).
- Exhibit B: IJ administrative-closure notice/order.
- Exhibit C: Green card / LPR documentation (valid through 2028).
- Exhibit D: Medical and mental health records; disability documentation.
- Exhibit E: Custody review request (Sept. 29, 2025); escalation letter; ICE email response ("Our lawyers inform us..."); proof of submission and follow-ups.
- Exhibit F: Sponsor packets (letters, IDs, proof of address, commitments to provide housing/transportation/supervision).
- Exhibit G: Birth certificates of two U.S.-citizen minor children (ages 10 and 9) and family support letters.
- Exhibit H: Criminal appeal docket and status notice.
- Exhibit I: Evidence that ICE holds the expired passport and Petitioner's inability to obtain new travel documents.
- Exhibit J: Ten program certificates earned Jul–Oct 2025.

