IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FOUAD SAEED ABDULKADIR,                )
                                       )
            Petitioner,                )
                                       )
      v.                               )
                                       )    Case No. 3:25-cv-505
WARDEN, *Moshannon Valley Processing*  )    Judge Stephanie L. Haines
*Center, et al.,*                      )
                                       )
            Respondents.               )

## MEMORANDUM ORDER

Pending before the Court is the Motion filed by Petitioner Fouad Saeed Abdulkadir ("Petitioner") for a Temporary Restraining Order ("T.R.O.") and a Preliminary Injunction ("P.I."). ECF No. 2. Therein, Petitioner requests that this Court: (1) enjoin his transfer outside of the Western District of Pennsylvania, (2) order his "immediate release under reasonable conditions of supervision[,]" or, in the alternative, (3) order that he be afforded an "individualized bond hearing within seven (7) days[....]" ECF No. 2, pp. 1–2.

For the following reasons, the Court will DENY Petitioners' Motion.

## I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 65:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3)

granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors—likelihood of success on the merits and irreparable harm—"operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

A T.R.O. and a P.I. may be distinguished by the type of relief each afford and the procedural mechanisms by which each may be obtained under Federal Rule of Civil Procedure 65.[1] *See Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974) ("[U]nder federal law [T.R.O.s] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Hope I*, 956 F.3d at 160 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]"); *Snee v. Barone*, 359 F.App'x. 281, 284 n.4 (3d Cir. 2009) ("[T]emporary restraining orders are of extremely short duration and typically issue without notice to the opposing party."); *J.O. ex rel. C.O. v. Orange*

---

[1] The Third Circuit has made clear that "a court may not convert an *ex parte* [temporary restraining order] into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 321 (3d Cir. 2020) [*Hope II*]. A Court does so when issues a T.R.O. that "goes beyond preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*].

*Twp. Bd. Of Educ.*, 287 F.3d 267. 273 (3d Cir. 2002)). Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute[,]" *Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974), T.R.O.s "may be appropriate at times, [but] they must be circumscribed in nature." *Hope I*, 956 F.3d at 160.

## II.    Analysis

Petitioner requests that this Court: (1) enjoin his transfer outside of the Western District of Pennsylvania, (2) order his "immediate release under reasonable conditions of supervision[,]" or, in the alternative, (3) order that he be afforded an "individualized bond hearing within seven (7) days[....]" ECF No. 2, pp. 1–2.

### A.  Request for an Injunction Barring Transfer Outside of the Western District of Pennsylvania

The Court notes that an alien detainee's request to enjoin his or her transfer when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security..." And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

[T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006).

Here, Petitioner points to no authority upon which this Court may properly enjoin Respondents from transferring Petitioner to another facility. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings... and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)). Therefore, because this Court lacks jurisdiction to enjoin Respondents from transferring Petitioner, it will DENY Petitioner's Motion insofar as he seeks either a T.R.O. or P.I. preventing his transfer to another facility.

### B. Request for an Order Directing Petitioner's Immediate Release or an Individualized Bond Hearing

In addition to Petitioner's request that this Court enjoin his transfer outside of the Western District of Pennsylvania, he also requests that this Court: order his "immediate release under reasonable conditions of supervision[,]" or, in the alternative, order that he be afforded an "individualized bond hearing within seven (7) days[....]" ECF No. 2, pp. 1–2. An order directing immediate release or an individualized bond hearing would constitute "mandatory, affirmative

4

relief[;]" in this way, Petitioner's request for relief goes beyond the "limited nature of a [T.R.O.]" *Hope I*, 956 F.3d at 162 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]") (citing *Granny Goose*, 415 U.S. at 439). For this reason, the Court will DENY Petitioner's request for relief via a T.R.O. on these grounds.

Relative to Petitioner's request for a P.I., Petitioner has failed to articulate the basis for the relief he seeks aside from stating that:

> Petitioner's ongoing detention is punitive and excessive under *Bell v. Wolfish*, 441 U.S. at 535–40; violates professional-judgment standards for civil detainees per *Youngberg v. Romero*, 457 U.S. at 321–23; is contrary to *Zadvydas* and *Jennings* given IJ administrative closure and non-final conviction status (Orabi); and fails constitutional and statutory requirements.

ECF No. 2, p. 1. In this way, Petitioner has failed to demonstrate that he is likely to succeed on the merits of his claim(s) as he has failed to articulate, in his Motion at ECF No. 2, his claim(s) generally. Therefore, this Court will also DENY Petitioners' Motion in so much as he seeks a preliminary injunction as he has failed to demonstrate a likelihood of success on the merits of his claims. *See Transcontinental Gas Pipe Line Co., LLC*, 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).

An appropriate Order follows:

## **ORDER**

AND NOW, this ⎢⎢th day of December 2025, upon due consideration of Petitioner Fouad Saeed Abdulkadir's ("Petitioner") for a Temporary Restraining Order ("T.R.O.") and a Preliminary Injunction ("P.I."), ECF No. 2, the Court finds that he has failed to make a sufficient

5

showing to obtain either a T.R.O. or P.I. at this time. Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 2 is **DENIED**; and,

**IT IS FURTHER ORDERED** that Petitioner's Habeas Petition at ECF No. 1 remains before the Magistrate Judge for consideration in the first instance.

BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE