IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOUAD SAEED ABDULKADIR, | : |
|     Petitioner | : |
|     v. | : Case No. 3:25-cv-505-SLH-KAP |
| LEONARD ODDO, WARDEN, | : |
| MOSHANNON VALLEY PROCESSING | : |
| CENTER, *et al.*, | : |
|     Respondents | : |

<u>Report and Recommendation</u>

<u>Recommendation</u>

    Petitioner's petition for a writ of habeas corpus should be dismissed.

<u>Report</u>

    Petitioner, formerly in the custody of the Department of Homeland Security at the Moshannon Valley Processing Center pending the completion of removal proceedings, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 in the Middle District of Pennsylvania. ECF no. 1. That court transferred the matter here in December 2025 as the proper venue. ECF no. 6. Petitioner alleged that his detention was unlawful, *citing* <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), although it is not clear that that case is the relevant precedent. The matter was administratively closed, ECF no. 8, for failure pay the filing fee or submit a motion to proceed *in forma pauperis*, after the Court denied at ECF no. 7 the emergency motion for a temporary restraining order filed at ECF no. 2 with the petition.

    The Court's December 11, 2025 Order at ECF no. 7 was returned undeliverable with the notation that petitioner had been released.

    For a federal court to have jurisdiction over a case, an actual controversy must be extant not only at the outset of litigation, but throughout its course. <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997). *See also* <u>Camreta v. Greene</u>, 563 U.S. 692, 711 (2011) ("When subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur we have no live controversy to review." (cleaned up, citations omitted)). On this record the injury that the petition sought to remedy, prolonged detention contrary to <u>Zadvydas v. Davis</u>, *supra*, has ended and cannot on the facts alleged (I note that the boiler-plate *pro se* petition referred to exhibits that were not attached, so there is literally no record on which a writ could be based) be reasonably expected to recur. If the petition were not moot, it is already inert due to the

1

failure to pay the filing fee or to file a motion to proceed *in forma pauperis* and should in the alternative be dismissed without prejudice for failure to pay the filing fee.

    I would ordinarily give petitioner notice that pursuant to 28 U.S.C.§ 636(b)(1), the parties can within fourteen days file written objections to my recommendation and that failure to file timely and specific objections will limit further review of this matter. *See* EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error). In light of the petitioner's failure to provide a current address I transmit the matter at this time.

DATE: January 12, 2026

Keith A. Pesto,
United States Magistrate Judge