IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOUAD SAEED ABDULKADIR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:25-cv-505 |
| ) | Judge Stephanie L. Haines |
| WARDEN OF MOSHANNON VALLEY ) | Magistrate Judge Keith A. Pesto |
| PROCESSING CENTER *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Fouad Saeed Abdulkadir ("Petitioner") (ECF No. 1). Petitioner was detained at Moshannon Valley Detention Center ("MVDC") and claimed that his detention was unconstitutionally prolonged. He sought immediate release from custody or in the alternative a bond hearing, a prohibition on transfer from MVDC, production of his detention file, and a declaration that his detention was unlawful. On December 9, 2025, an Administrative Order directed Petitioner to pay the required filing fee (ECF No. 4). This matter was subsequently referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Petitioner never paid the filing fee and the case was administratively closed (ECF No. 8).

On January 9, 2025, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 9) recommending that the Petition (ECF No. 1) be dismissed as moot because Petitioner's mail had been returned to the Court returned as undeliverable, "petitioner had been released." ECF No. 9, p. 1. *See also* Docket Entry on January 8, 2026 ("Memorandum Order dated 12/11/2025 returned to the Court from the USPS marked "RTS Released" on 12/23/2025"). Judge Pesto did

1

not provide a period in which to file objections as the Court had no way to send its findings to Petitioner because no forwarding address was provided and Respondents had not entered their appearance. ECF No. 9, p. 2.[1]

Upon review of the record and the Report and Recommendation (ECF No. 9) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. Judge Pesto correctly deemed Petitioner's Petition for Habeas Corpus (ECF No. 1) moot, and as such there is no remedy the Court can provide. The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur

---

[1] A Google Search of Petitioner's unique name, Fouad Saeed Abdulkadir, revealed that Petitioner had in fact passed away while detained at MVDC on December 13, 2025. *See* https://www.ice.gov/news/releases/illegal-alien-eritrea-passes-away-moshannon-valley-processing-center. Indeed, information from the article corresponds with information in Petitioner's filings in this case. A search for Petitioner in the ICE locator system found no results.

during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's passing, there is no remedy that the Court can provide. Therefore, the Petition is moot.

Accordingly, the following order is entered:

### ORDER

AND NOW, this 13th day of January, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is DISMISSED AS MOOT; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 9) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge